# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CARLOS VALEZ,

    *Petitioner*,

vs.

D.W. NEVEN, *et al.,*

    *Respondents*.

2:12-cv-00872-KJD-GWF

ORDER

    Petitioner has submitted an application (#1) to proceed *in forma pauperis* and a habeas petition.

    The matter has not been properly commenced because the pauper application does not include the required attachments. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, petitioner must attach both an inmate account statement for the past six months and a properly executed financial certificate. Petitioner attached neither.

    Moreover, petitioner did not use the Court's required petition form as required by Local Rule LSR 3-1. Petitioner used the first two pages and last two pages of the federal form as a cover-document for a statement of his grounds for relief that was simply photocopied from his state petition. He further used a single page from the federal form after this copied state-court material to respond to the exhaustion inquiries collectively as to all four grounds presented. Petitioner instead must allege his grounds on the Court's required petition form, and, as per the form, he must respond to the exhaustion inquiries on a separate page separately for each ground.

1  The application therefore will be denied, and the present action will be dismissed
2  without prejudice to the filing of a new petition in a new action with a pauper application with
3  all required attachments. It does not appear from the papers presented that a dismissal
4  without prejudice would result in a promptly-filed new petition being untimely. In this regard,
5  petitioner at all times remains responsible for calculating the running of the federal limitation
6  period as applied to his case, properly commencing a timely-filed federal habeas action, and
7  properly exhausting his claims in the state courts.[1]

8  IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis*
9  is DENIED and that this action shall be DISMISSED without prejudice to the filing of a new
10 petition in a new action with a properly completed pauper application.

11 IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Reasonable
12 jurists would not find dismissal of the improperly-commenced action without prejudice
13 debatable or wrong.

14 The Clerk of Court shall send petitioner two copies each of an application form to
15 proceed *in forma pauperis* for incarcerated persons and a noncapital Section 2254 habeas

---

[1] The papers on file and the online docket records of the state courts reflect the following.

In July 2008, petitioner entered a guilty plea to one count of first-degree kidnapping with the use of a deadly weapon and two counts of conspiracy to commit battery. The state district court sentenced petitioner on the conspiracy counts, suspended sentence and placed petitioner on probation, and stayed adjudication of the kidnapping count. The state district court later revoked probation for a violation and sentenced petitioner on the kidnapping count, in an order and amended judgment of conviction filed on August 19, 2010. The Supreme Court of Nevada affirmed the amended judgment of conviction on appeal on June 8, 2011, in No. 56852.

Meanwhile, while the foregoing appeal was pending, on or about April 4, 2011, petitioner filed a state post-conviction petition challenging the amended judgment of conviction. The state district court dismissed the petition as untimely on the premise that the state limitations period ran from its first judgment on February 3, 2009. The Supreme Court of Nevada held on appeal in No. 59041, however, that the state limitations period had not begun running after that order because adjudication had been stayed on the kidnapping count. The state supreme court held that a final judgment had not been entered until August 19, 2010, and that the state limitations period did not begin to run until the July 5, 2011, issuance of the remittitur in No. 56852. The Supreme Court of Nevada instead affirmed the denial of the state post-conviction petition principally on the merits. The remittitur issued on April 4, 2012.

The present federal petition was mailed for filing on or about May 18, 2012. As of that time, it would appear that only about six weeks of the one-year federal limitation period had run.

1  petition form, one copy of the instructions for each form, and a copy of the papers that he
2  submitted in this action.
3       The Clerk shall enter final judgment accordingly, dismissing this action without
4  prejudice.
5       DATED: May 25, 2012

    _____
    KENT J. DAWSON
    United States District Judge